UNITED STATES DISTRICT AND BANKRUPTCY COURTS

FOR THE DISTRICT OF COLUMBIA

Lena Lasher
Federal Prison Camp
33 1/2 Pembroke Rd.
Danbury, CT 06811
Register # 67662-054

Case: 1:17-cv-01746   **JURY DEMAND**
Assigned To : Unassigned
Assign. Date : 8/21/2017
Description: Pro Se Gen. Civ. **(F-DECK)**

vs.   CIVIL ACTION NO.

Department of Health & Human Services (DHHS)
Departmental Appeals Board (DAB), Christopher S. Randolph, Susan S. Yim, Sheila Ann Hegy (Presiding Board Member)
Appellate Division, MS-6127
Room G-644, Cohen Building
330 Independence Avenue, SW
Washington, D.C. 20201

US Department of Justice
Office of Inspector General (OIG)
950 Pennsylvania Avenue NW
Washington, D.C. 20530

COMPLAINT   JURY DEMAND

1. An adverse decision of the Departmental Appeals Board (DAB) was rendered on 6/28/2017 which was denying a hearing for the presentation of evidence and facts for the reconsideration of the 10-year exclusion of practice imposed by the I.G. effective 4/20/2016.

2. Departmental Appeals Board immediately excluded the consideration of the Plaintiff's hearing due to the "conviction". The plaintiff was also excluded because of her race, national origin, and sex and therefore further reinforced by the other coordinating agencies which is a violation of the Constitution (Amendment 5 and 6), by going to trial and exercising her constitutional rights; others (white males) who have testified at Plaintiff's trial that they committed the crime (guilty by admission) were not punished/excluded by the Office of Inspector General (OIG) nor by the DHHS/DAB. This is discriminatory, a deprivation of plaintiff's civil right, and is a violation of substantial due process.

3. On 2/27/17, 4/3/17, and 5/8/17, plaintiff submitted an appeal with substantive arguments and just cause on the importance of the DHHS/DAB and OIG review the evidence and facts that prove the plaintiff's innocence. These arguments were previously submitted on 10/19/2016 and 10/20/2016, again requesting an in-person hearing to prove that she was wrongfully convicted, whereby the denial of a hearing is a violation of her substantial due process right; it prevents her from showing physical evidence and facts which proves her innocence and supports the decision as to why she should not



be excluded.

4. The denial of a hearing causes further violation of the suppression and withholding of evidence and cooberation of facts to prove the plaintiff's credibility.

Unfortunately, her appeals, including a request for a hearing, were again unconstitutional denied by DAB stating that her requests were never submitted, but they were, as stated on her 10/20/2016 letter/appeal.

5. As reflected by the entire record of this case, the DHHS/DAB and OIG relied on a conviction and discrimination to exclude Lena Lasher, which was wrongfully achieved due to the Government's witnesses purgeries, suppression of evidence by the prosecutors (a Brady Violation), and withheld evidence by the trial Judge. Yet, others (white males) who confessed to the "crime" were not punished nor excluded by the DHHS/DAB and OIG while the plaintiff, an Asian female of Vietnamese descent was violated.

6. On 10/20/16, 2/27/17, 4/3/17, and 5/8/17, Plaintiff asserted that she desired and requested an in-person hearing so that she can bring in witnesses; due to her imprisonment and limited resources to do legal work, she could not get access to any of her witnesses' information such as addresses as well as their 3500 materials which would confirm her testimonies. Thus in her letters dated 12/16/2016 and 1/20/2017, to the DHHS/Departmental Appeals Board (DAB)/OIG, she requested aid from the DHHS/DAB/OIG to subpoena witnesses. At the hearing, the plaintiff would expect to have expert witnesses to corroborate her testimony and that of the video recordings.

7. The defendant agencies failed to deliver the required information which further causes additional delay damage and undue hardship for the plaintiff.

8. The DHHS/DAB and OIG erred in the decision as a matter of law in that plaintiff's wrongful criminal conviction is a Brady Violation.

Also, the DHHS/DAB and OIG:

a. Allowed a presumption to override an existing, proven, and undisputed fact.

b. Failed to apply the governing pharmacy law PA 27

c. Misinterpreted the governing pharmacy law which deals with fraud on the Court committed by the prosecutors' witnesses.

9. The Plaintiff is entitled to not be excluded; the Plaintiff will be damaged and at a disadvantage and hardship without a hearing to present her case and evidence to dispute those of the hearsay prosecutors' witnesses. Plaintiff has the Constitutional right to face her accusers. Also, Plaintiff refuses to be victimized any further by the justice system and the Office of Inspector General and DHHS/DAB. She is in no danger of practicing. Therefore, a hearing where she can have the opportunity to present suppressed/withheld documentation, facts, and evidence would show her innocence and wrongful conviction, and provide her with the justice she deserve.

## PRAYER FOR RELIEF

Plaintiff requests that:

1. The Office of Inspector General and the Department of Health & Human Services/Departmental Appeals Board of the USA, Washington, D.C., defendants, beside promptly answering the complaint, to be required to file a certified copy of the transcript of the record, including the evidence on which the findings and decision are based.

The law of exclusion due to a "wrongful" conviction is unfair and bias in that Plaintiff's 5th Amendment Due Process Substantial Right is violated, as in Meyer v. NE (1923), Pierce v. Society of Sisters of the Holy Names of Jesus and Mary, Moore v. City of East Cleveland, OH, Skinner v. State of OK (1942).

2. The decision of the OIG and DHHS/DAB be reviewed, reversed, and set aside; excluding the plaintiff is depriving her of her livelihood; denying her of a hearing is a violation of her due process. By further excluding her will further continue to wrongly punish her another ten years.

3. The OIG and DHHS/DAB be ordered and directed to order payment of the plaintiff's claim by the U.S. Treasury Dept.; the plaintiff is seeking compensatory damages, punitive damages, costs of suit, counsel fees for this judgment.

4. The plaintiff is asking for a trial by jury whereas she can provide evidence, via pharmacy paper trail, pharmacy business records, pharmacy law, unredacted pharmacists' write-ups, and the suppressed video recordings which showed that she did not commit the crime. The plaintiff can not be guilty of a crime she was not there to commit, and which she did not agree to commit, more so, for an act that she did not condone. The unredacted write-ups in themselves show clearly that the Plaintiff reprimanded the testifying witnesses, for the very act that the government presented as being directed by the Petitioner. The Government recently turned the suppressed video recordings over to the plaintiff, which is in the possession of the Bureau of Prisons (BOP) Camp Unit manager Ms. Mitchell.

5. The plaintiff is also requesting Judicial Review by filing this civil action.

6. The plaintiff has such other and further relief as may appear just and proper to the Court.

Respectfully Submitted,                    August 14, 2017

*Lenalasher*

Lena Lasher Register # 67662-054
Federal Prison Camp
33 1/2 Pembroke Rd.
Danbury, CT 06811

